## Ellis' Estate.

*Decedent's estates—Executors and administrators—Fee—Claim for personal services.*

1. A claim of an executor for services rendered decedent in her lifetime in the management of her property was properly disallowed where there was no evidence as to the nature of the services or their value.

2. In such case there was no error in reducing the executor's commission from five to three per cent. where it appeared that the estate was valued at $37,000, and that assets amounting to $25,312 were transferred to legatees in specie without being converted.

Argued May 17, 1916. Appeal, No. 151, Jan. T., 1916, by plaintiff, from decree of O. C. Susquehanna Co., Nov. T., 1909, No. 11, dismissing exceptions to adjudication in Estate of Mary E. Ellis, deceased. Before BROWN,

C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Exceptions to adjudication. Before LITTLE, P. J.

James Fuller claimed credit in his account as executor of the estate of Mary E. Ellis, deceased for $2,500 for services alleged to have been rendered to the decedent in her lifetime in the management of her property; and also a five per cent. commission for the administration of the estate. The auditor ultimately disallowed the claim for services during decedent's lifetime on the ground that there was a lack of evidence showing the nature of the services, or their value; and reduced accountant's commission to three per cent. because a large part of the assets, $25,312 in an estate of $37,000, were transferred to legatees in specie without being converted.

Further facts appear by the opinion of the Supreme Court.

The lower court dismissed exceptions to the adjudication. James Fuller appealed.

*Error assigned,* among others, was the decree of the court.

*W. W. Watson,* with him *T. A. Doherty, W. S. Diehl* and *A. L. Watson,* for appellant.

*W. D. B. Ainey* and *R. W. Archbald,* with them *E. R. W. Searle,* for appellees.

PER CURIAM, July 1, 1916:

Every opportunity was given to this appellant to sustain his claims against the estate of his testatrix, and to show why he should not be surcharged as one of her executors. The learned court below thus properly refers to this: "All the questions involved in the settlement of this estate have been before the auditor for his consider-

ation upon three occasions. The learned auditor at the first hearing, after taking a large volume of testimony principally furnished by the accountant, restated the final account, and surcharged the accountant with numerous items. Upon exceptions filed, the report of the auditor was resubmitted, for the purpose of permitting accountant to sustain exceptions filed to the re-stated account; the second report was again submitted to the auditor for the purpose of permitting accountant to prove a contract for services rendered decedent as attorney-in-fact. And the matter is again before the court upon exceptions to the third report of the auditor."

The appellant was duly and patiently heard in the court below, and nothing urged by his learned counsel has convinced us that any injustice has been done him by the decree from which he has appealed. It is, therefore, affirmed at his costs.